UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDRA N. HILLMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-00131-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On February 5, 2013, Condra N. Hillman ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income benefits. The Commissioner filed an Answer on May 8, 2013. On August 1, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 45-year-old female who applied for Supplemental Social Security Income benefits on October 1, 2009. (AR 10.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 1, 2009, the application date. (AR 12.)

Plaintiff's claim was denied initially on December 29, 2009, and on reconsideration on August 19, 2010. (AR 10.) Plaintiff timely filed a request for hearing, which was held before Administrative Law Judge ("ALJ") Paula J. Goodrich on December 9, 2011, in San Bernardino, California. (AR 10.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 10.) Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 10.)

The ALJ issued an unfavorable decision on January 20, 2012. (AR 10-17.) The Appeals Council denied review on December 17, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's credibility.
2. Whether the ALJ properly found that Plaintiff had not been disabled at any time during the relevant period.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 1, 2009, the date of the application. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: fractured left ankle, status post open reduction and internal fixation. (AR 12-13.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 13.)

The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of medium work except for the following limitations:

> Claimant can occasionally lift and/or carry including upward pulling 50 pounds and frequently lift and/or carry including upward pulling 25 pounds. She can stand and/or walk with normal breaks for about 6 hours in an 8-hour workday and sit with normal breaks for about 6 hours in an 8-hour workday. She can push and/or pull unlimited, other than as shown for lift and/or carry. There are no postural, manipulative, communicative or environmental limitations.

(AR 13-15.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 14.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a hand packager as performed. (AR 15.) The ALJ also found that, considering Claimant's age, education, work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including linen room attendant, cleaners, and cleaner at the hospital level. (AR 16.)

Consequently, the ALJ determined that Claimant has not been disabled within the meaning of the Social Security Act at any time since October 1, 2009, the date the application was filed. (AR 16.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ also properly found that Plaintiff was not disabled at any time during the relevant period. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ erred in discounting her credibility. The Court disagrees.

### A. Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 14.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent they are inconsistent with the ALJ's assessment. (AR 14.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Claimant's allegations of disability are unsupported by the objective medical evidence. (AR 14-15.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. In June 2009, Plaintiff underwent an open reduction and internal fixation of her left posterior and lateral malleolar ankle fracture also described as a complex fracture of distal tibia and fibula. (AR 14.) The ALJ relies heavily on the July 2010 orthopedic consultative examination of Claimant by Dr. Bunsri Sophon. (AR 278-283.) Dr. Sophon diagnosed Claimant with a fractured left ankle with swelling and tenderness over the lateral aspect of her left ankle. (AR 14.) Nonetheless, he found Claimant had a normal gait, she walked on tiptoes and heels without difficulty "with no evidence of weakness in the ankle flexors and extensors" and demonstrated full range of motion of her ankle joints. (AR 14.) X-ray examination of her left ankle revealed her fracture in good alignment. (AR 14-15.) Dr. Sophon opined that Claimant could lift and carry 50 pounds occasionally and 20 pounds frequently, and stand and walk for 6 hours out of an 8-hour workday with no restrictions on sitting. (AR 15, 282.) State agency reviewing physicians also found Plaintiff able to work . (AR 15.)

Plaintiff argues that the medical records show persistent soft tissue swelling (AR 200) but Dr. Sophon and State reviewing physicians nonetheless determined Claimant was capable of medium work. Plaintiff suggests there is ambiguity regarding the x-ray that Dr. Sophon had but the record is clear that Dr. Sophon reviewed an April 9, 2009, x-ray of Dr. Andrew Song (AR 278) and also conducted his own x-ray examination. (AR 282.) Plaintiff's arguments are simply disagreements with the ALJ's findings but it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Where the ALJ's interpretation is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

Second, the ALJ found that Plaintiff has had "limited sporadic treatment and her treatment records do not support a finding that her impairments cause her more than mild

limitations." (AR 15.) An ALJ is permitted to consider lack of treatment in his credibility determination. Burch, 400 F.3d at 681. Plaintiff does not address this reason for discounting her credibility.

Third, the ALJ found that Claimant testified her medication helps. (AR 15.) Impairments that can be controlled effectively with medication are not disabling. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff does not address this reason for discounting her credibility.

Plaintiff's contention that the ALJ offered only lack of corroborating medical evidence as the basis for discounting her credibility is plainly meritless. The ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

**II.     THE ALJ PROPERLY FOUND THAT PLAINTIFF WAS NOT
         DISABLED AT ANY TIME DURING THE RELEVANT PERIOD**

Plaintiff contends that the ALJ erred in not finding her disabled for at least part of the relevant period. More specifically, Plaintiff argues that State reviewing physician Dr. J. Hartman in December 2009 recommended "durational denial to sedentary by 5/2010." (AR 252, 291.) Another State reviewing physician Dr. Skopec agreed. (AR 253.) Plaintiff's injury was in May 2009 and thus Plaintiff was capable of less than sedentary work through May 2010.

The Commissioner, however, argues that Plaintiff mischaracterized or overstated Dr. Hartman's opinion, which was merely a projection as explained in the Program Operations Manual System ("POMS") DI 25505.030B. POMS also provides that, if a claimant is expected to be able to engage in substantial gainful activity ("SGA") within 12 months, he or she does not meet the durational requirement and her claim must be denied. POMS DI 25505.E.2. The Commissioner claims that Dr. Hartman concluded that Plaintiff did not meet the durational requirement because his RFC indicates she could perform SGA within 12 months of her injury date. (AR 15, 247-252.)

Dr. Hartman's opinion is ambiguous. The ALJ has the responsibility to resolve ambiguities in the record, Andrews, 53 F.3d at 1039, and the ALJ did so. The ALJ gave Dr. Hartman's opinion limited weight because of a failure to consider Plaintiff's subsequent

records, including Dr. Sophon's consulting examination. (AR 15.) The ALJ gave great weight to Dr. Sophon's opinion but noted that Dr. Sophon did not have an opportunity to review all of Claimant's medical records. (AR 15.) The ALJ noted that the August 2010 evaluation of Dr. A. Lizarraras considered subsequent records, including Dr. Sophon's report which Dr. Lizarraras adopted. (AR 15, 292.) Thus, Plaintiff is correct that the ALJ rejected any suggestion that Plaintiff met the durational requirement. (AR 16.) The ALJ did so for specific, legitimate reasons supported by substantial reasons. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

\* \* \*

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 6, 2013
　　　　　　　　　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE